OSCN Found Document:Questions Submitted by: The Honorable Tim Turner, Representative, Oklahoma House of Representatives, District 15

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 Questions Submitted by: The Honorable Tim Turner, Representative, Oklahoma House of Representatives, District 15
2025 OK AG 6
Decided: 05/02/2025
OKLAHOMA ATTORNEY GENERAL OPINIONS
Cite as: 2025 OK AG 6, __ __

 

¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
1. Do Oklahoma counties have the authority to adopt laws through the initiative petition process?
2. If so, should initiative petitions on the county level be filed with the county clerk?

I.
Summary

¶1 The Oklahoma Constitution reserves to the people of Oklahoma the legislative authority to enact laws through initiative petition, both as to matters of statewide concern and, for county voters, as to "all local legislation, or action, in the administration of county and district government[.]" Okla. Const. art. V, § 5. The Constitution further directs that "the manner of exercising" these powers at the county level "shall be prescribed by general laws[.]" Id. The Legislature enacted general laws for the initiative petition process that require petitions to be filed with the Secretary of State, as well as more narrow laws that require county-level initiative petitions related to taxation to be filed with either the county clerk or the secretary of the county election board. See 34 O.S.2021, § 8see also 62 O.S.2021, § 86863 O.S.2021, §§ 1-22368 O.S.2021, § 1370

II.
Background

¶2 In forming our state government, the framers of Oklahoma's Constitution adopted the familiar separation of powers found in its federal counterpart, dividing governmental power among three branches: the Legislative, Executive, and Judicial. Okla. Const. art. IV, § 1. Article V of the Constitution vests the State's legislative authority in the Legislature, but it also reserves to the people "the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature[.]" Okla. Const. art V, § 1; see also Okla. Const. art. II, § 1 ("All political power is inherent in the people; and government is instituted for their protection, security, and benefit, and to promote their general welfare; and they have the right to alter or reform the same whenever the public good may require it[.]"). This reservation of legislative power in the form of initiative and referendum[1] was described nearly a century ago by the Oklahoma Supreme Court in the following terms:

Ours is a government which rests upon the will of the governed. The initiative and referendum is the machinery whereby self-governing people may express their opinion in concrete form upon matters of public concern. If the people are to be self-governed, it is essential that they shall have a right to vote upon questions of public interest and register the public will.

Ruth v. Peshek, 1931 OK 6745 P.2d 108

¶3 While the Constitution itself provides the basic outlines of the initiative petition process, it directs the Legislature to "make suitable provisions for carrying into effect the provisions of [Article V of the Constitution]." Okla. Const. art. V, § 3. "The Legislature has done so by enacting [t]itle 34, a statutory framework that sets forth the requirements and time frames for the initiative process." Nichols v. Ziriax, 2022 OK 76518 P.3d 883

III. Discussion

¶4 While the initiative petition process is invoked most frequently with respect to state questions, you have asked whether initiative petitions may be used by voters in a county to propose or amend county-level laws and, if so, where such petitions are to be filed.

A. Under the Oklahoma Constitution and relevant statutes, county residents are empowered to exercise the initiative petition process for county-level legislation.

¶5 The Oklahoma Constitution makes clear that the initiative petition process is available as an option to propose or amend county-level laws, just as it is for state questions:
 
The powers of the initiative and referendum reserved to the people by this Constitution for the State at large, are hereby further reserved to the legal voters of every county and district therein, as to all local legislation, or action, in the administration of county and district government in and for their respective counties and districts.

Okla. Const. art. V, § 5; [2] In re Initiative Petition No. 9 of Okla. City, 1939 OK 23890 P.2d 665

¶6 As with the statewide process, the Constitution directs the Legislature to "prescribe[] by general laws" the manner in which county-level initiative petition power is to be exercised, although it is left to the boards of county commissioners to provide for the time of such exercise. Okla. Const. art. V, § 5. The Legislature has done so in several titles in the Oklahoma statutes. Most generally, title 34, section 2 provides a statutory form for statewide, county-level, or municipal initiative petitions, as applicable. 34 O.S.2021, § 262 O.S.2021, § 86863 O.S.2021, §§ 1-22368 O.S.2021, § 1370

¶7 Accordingly, whether under the general authority of article V of the Oklahoma Constitution and title 34 of the Oklahoma Statutes, or the more specific, taxation-related statutory authority outlined above, it is clear that voters may enact county-level laws through the initiative petition process.

B. The process for filing a county-level initiative petition will depend on the purpose for which the petition is proposed.

¶8 You next ask with whom a county-level initiative petition should be filed. In general, the process for filing an initiative petition for a state question begins when proponents file the petition and ballot title with the Secretary of State and the Attorney General. See 34 O.S.2021, §§ 8Id. § 8(B). Once all protests have been resolved, or the time to file protests has expired, the Secretary of State sets the date for proponents to begin circulating the petition for signatures, followed by a deadline for collecting signatures 90 days later. Id. § 9(E). The Secretary of State then counts and reviews the signature pamphlets to determine whether a sufficient number have been gathered for the proposal to be added to the ballot. Id. § 9(G)-(I).

¶9 At the county level, the process slightly differs for the specific, tax-related initiative petitions described above. A county-level initiative petition that proposes tax incentives for local development is filed with the secretary of the county election board, and must comply with the requirements of title 62, section 868 of the Oklahoma Statutes. Meanwhile, initiative petitions to levy an ad valorem tax to fund the county health department or to levy a sales tax are filed with the county clerk, and must comply with the requirements of title 63, section 1-224[3] and title 68, section 1370, respectively.

¶10 But what about situations where county residents wish to exercise their right to amend or propose new county-level laws that fall outside these specific areas? One might assume that they should also be filed with a county official. By way of comparison, for municipal-level initiative petitions, the Legislature permits municipal governments to adopt, by ordinance or charter, procedures for their residents to exercise their power of initiative. See 11 O.S.2021, § 15-102 Id. The same provision provides explicitly that "[t]he duties required of the Governor by state law shall be performed by the mayor; the duties of the Secretary of State shall be performed by the municipal clerk; and the duties of the Attorney General shall be performed by the attorney for the municipality." Id.

¶11 However, a review of Oklahoma statutes reveals no such county-level equivalent. With that being the case, there is no option for proponents of an initiative petition to amend or propose new county laws other than resort to the generalized provisions of title 34 of the Oklahoma Statutes. That means filing the petition with the Secretary of State[4] and following the procedures required of initiative petitions of statewide applicability. [5]

¶12 It is, therefore, the official Opinion of the Attorney General that:
1. Article V, section 5 of the Oklahoma Constitution and relevant statutes reserve to county residents the power to exercise the initiative petition process for county-level legislation.

2. A county-level initiative petition that proposes tax incentives for local development is filed with the secretary of the county election board. 62 O.S.2021, § 868See 63 O.S.2011, § 1-22468 O.S.2021, § 137034 O.S.2021, §§ 2

Gentner Drummond
Attorney General of Oklahoma

Ethan Shaner
Deputy General Counsel

FOOTNOTES

[1] "Referendum petitions ask for voters to approve or reject a bill of the legislature. Initiative petitions ask voters to approve or reject a proposed law. An initiative petition may amend existing law by repealing parts of recent legislation along with proposing new laws." In re Initiative Petition No. 425, State Question No. 809, 2020 OK 58470 P.3d 284

[2] Similar language appears in article XVIII, section 4(a) of the Constitution regarding initiative petitions at the municipal level.

[3] See, e.g., In re Sufficiency of Initiative Petition 1974-1 of Canadian Cty., 1975 OK 56534 P.2d 678

[4] While title 34, section 4 of the Oklahoma Statutes provides that references made to the Secretary of State "shall include the Secretary of State or any officer constitutionally designated to perform the duties herein prescribed," there is no other officer designated in the Oklahoma Constitution to carry out the duties of the Secretary of State with regard to initiative petitions.

[5] This result is less than ideal. It would seem more appropriate for the duties of the Secretary of State under title 34 to be statutorily assigned to a county official for county-level initiative petitions. This would be both consistent with the initiative petition procedures related to county taxation described above, and comparable to what the Legislature adopted at the municipal level. Making that determination, however, is up to the Legislature. Should these responsibilities remain with the Secretary of State, it may be best practice to supplement the statutorily-required notice--on the Secretary's website and in a statewide newspaper--with publication notice in a newspaper of general circulation within the county at issue. Cf. 62 O.S.2021, § 86863 O.S.2021, § 1-224

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105